UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 18-cr-20831
                                                  Hon. Matthew F. Leitman

vs.

MURTIS WASHINGTON,

        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461 and Federal Rule of Criminal Procedure 32.2, and based upon Defendant Murtis Washington's Rule 11 Plea Agreement and guilty plea to Count One of the Indictment (Felon in Possession of Firearm), a violation of 18 U.S.C. § 922(g)(1), the Government's Application for Entry of Preliminary Order of Forfeiture, and other information in the record, **IT IS HEREBY ORDERED AND ADJUDGED THAT**:

      1.      One (1) Taurus International, model PT 111 Pro, 9 millimeter pistol, serial number: TCT47606; and Eleven (11) rounds of 9 caliber ammunition seized on January 25, 2019 ("Subject Property") **IS HEREBY FORFEITED** to the United States for disposition in accordance with law.

2. Any right, title, or interest of defendant Murtis Washington, and any right, title, or interest that his heirs, successors, or assigns, have or may have in said property **IS HEREBY and FOREVER EXTINGUISHED**.

3. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

4. Pursuant to 21 U.S.C. § 853(n), Federal Rule of Criminal Procedure 32.2(b)(6), and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture utilizing the internet site, www.forfeiture.gov, for at least thirty consecutive days. The government shall also send notice to any person who appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice shall direct that any person asserting a legal interest in the Subject Property, other than defendant, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the subject property, the

time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

5. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

6. Pursuant to defendant's Rule 11 Plea Agreement, together with Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to defendant upon being entered by the Court, and forfeiture of the Subject Property shall be made part of the defendant's sentence in this case and included in the Judgment.

7. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

8. If a third party files a petition for ancillary hearing for any portion of the Subject Property, the Court shall amend this forfeiture order to address the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

9. Pursuant to 21 U.S.C. § 853(n)(7), clear title and all interest in the Subject Property shall **VEST** in the United States, and the United States shall be **AUTHORIZED** to dispose of the Subject Property as prescribed by law following the Court's disposition of any petitions for ancillary hearing, or, if none are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for filing such a petition.

10. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 14, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 14, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764