UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

MURTIS BRYAN WASHINGTON,

    *Defendant.*

    ORDER OF DETENTION PENDING
    DETENTION HEARING

    CASE NUMBER: 18-20831

## I. Procedural background

On September 11, 2019, a Judgment was entered by U.S. District Judge Matthew F. Leitman committing Defendant to the Bureau of Prisons for a term of 20 months incarceration for Felon in Possession of a Firearm under 18 U.S.C. § 922(g). (ECF No. 22).

Defendant's term of supervised release began on or about May 8, 2020. (ECF No. 23).

On February 23, 2022, Judge Leitman issued an Arrest Warrant. (ECF No. 24). The warrant was issued based on an alleged violation of supervised release conditions pursuant to an order of this court. (*Id.*)

On April 11, 2022, Defendant was brought before the Court on an initial appearance for the alleged violation of supervised release conditions.

Defendant was informed of the following rights:

    (1) the right to receive written notice of violation and Defendant acknowledged receipt of the same;
    (2) the right to hearings conducted by the sentencing Judge to determine if Defendant is guilty of the alleged violations;
    (3) the right to retain counsel or to request that counsel be appointed if Defendant cannot afford counsel;
    (4) if Defendant is held in custody, the right to a prompt preliminary hearing to determine if probable cause supports the alleged violations under FED. R. CRIM. P. 32.1(a)(3) and (b)(1); and
    (5) Defendant was also informed that this preliminary hearing may be waived.

Counsel for Defendant was appointed and present at the initial appearance and counsel explained that Defendant desired to waive a preliminary hearing under Rule 32.1(b)(1). Defendant later exercised his right to a detention hearing. Soon after, the detention hearing commenced. While advancing argument, it became apparent to counsel an adjournment would be necessary to obtain documents that support his position. Without objection, the request was granted. For these reasons, Defendant will be held temporarily until the aforementioned documents can be obtained and the detention hearing be rescheduled.

## II. Detention or release standards

As to detention or release, Rule 32.1(a)(6) provides that the magistrate judge may release or detain the defendant under 18 U.S.C. § 3143(a) (the Bail Reform Act) pending further proceedings.

Under 18 U.S.C. § 3143(a)(1), the court **shall order the defendant be detained unless** persuaded by clear and convincing evidence that the defendant is not likely to flee or pose a danger if released under § 3142(b) or (c). Under FED. R. CRIM. P. 32.1(a)(6) "[t]he burden of establishing that the person will not flee or pose a danger to any person or to the community rests with the person."

## III. Detention findings

Here, defense counsel indicated that Defendant would consent to detention pending the re-scheduling of the detention hearing. Defendant was questioned and confirmed counsel's indications.

## IV. Order

I **ORDER** the temporary detention of the defendant without bail pending another detention hearing.

Date: April 11, 2022                             s/Curtis Ivy, Jr.
                                                 Curtis Ivy, Jr.
                                                 United States Magistrate Judge